[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 9, 1972 at North Branford, Connecticut. CT Page 3843
All jurisdictional requirements have been met.
The parties have one minor child, issue of their marriage: Steven R. MacMillen, born January 20, 1979.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all the statutory criteria contained in Conn. General Statutes 46b-81, 46b-82 and 46b-84, and enters the following orders:
1. By agreement of the parties, joint legal custody of the minor child, Steven, is awarded to the parties. Steven's primary residence shall be with the mother. Final decision-making power shall be with the mother, in the event the parties disagree.
2. By agreement of the parties, reasonable visitation shall be enjoyed by the father as follows:
 a. Alternate weekends from 9:00 A.M. Saturday to 5:00 P.M. Sunday.
 b. The parties shall share Easter, Thanksgiving and Christmas.
c. All other major holidays shall be alternated.
d. Christmas school vacation week shall be shared.
 e. Mother's Day shall be spent with the mother and Father's Day with the father.
 f. Two weeks of the summer, which do not interfere with Steven's summer program, shall be spent with the father with one week spent prior to his program and one week after completion of the program.
 g. The father shall enjoy unimpeded telephone calls with Steven.
3. The defendant shall maintain health insurance for the benefit of the minor child. All unreimbursed uninsured medical and dental expenses and the cost of health insurance premiums for the minor child shall be paid equally by the parties.
4. All right, title and interest in the property located at 62 Quonnipaug Hill Road, Guilford, is awarded to the defendant. CT Page 3844 The defendant shall be responsible for payment on the equity line of credit and shall indemnify and hold harmless the plaintiff thereon.
5. All right, title and interest in the property located at 25 Sea Hill Road, North Branford, is awarded to the plaintiff.
6. Each party is awarded exclusive use and possession of the property awarded to them, effective December 1, 1990.
7. The defendant shall have the right to collect rent from the North Branford property for the month of November.
8. Commencing December 1, 1990, the defendant shall pay child support in the amount of $50.00 per week.
9. Commencing December 1, 1990, the defendant shall pay $1.00 per year as alimony until the wife's remarriage, death or October 31, 1998.
10. Until December 1, 1990 or the earlier death of the wife, the defendant shall pay $300.00 per week as alimony.
11. The support and alimony orders are subject to an immediate wage withholding order.
12. The dispute over personal property is referred to the Family Relations office for mediation, and the court retains jurisdiction to order distribution of the personal property. Pending resolution of the question of personal property, each of the parties shall retain the property currently in their possession and shall not dispose of or transfer the same.
13. Each of the parties shall be responsible for the liabilities reflected on their respective financial affidavits.
14. Each party shall be responsible for their own counsel fees.
By the Court: Elaine Gordon, Judge.